DISSENTING OPINION BY
MUNDY, J.:
I respectfully dissent from the Court’s decision to reverse the trial court’s order and to direct that this case be referred to arbitration.[1] I base my disagreement with the Majority primarily on our Supreme Court’s recent decision in Wert v. Manorcare of Carlisle PA, LLC, — Pa. - — , 124 A.3d 1248 (2015) (plurality).[2]
In Wert, our Supreme Court considered an arbitration agreement, which provided that “any disputes shall be resolved exclusively by binding arbitration to be conducted ... in accordance with the [NAF] Code of Procedure, which is hereby incorporated into this Agreement^]” Wert, supra at 1263 (brackets, ellipses, and emphasis in original; internal quotation marks omitted). Our Supreme Court held that because the NAF Code states that only the NAF can administer its own code, this was an “integral and non-severable” provision of the arbitration agreement. Id. at 1255, 1262. Our Supreme Court noted, as did this Court in Stewart, that “the NAF must administer its code unless the parties agree to the contrary.” Wert, supra at 1263. Our Supreme Court further held that Section 5 of the Federal Arbitration Act, pertaining to appointment of alternate arbitrators, could not save the agreement. Id.; see also generally 9 U.S.C. § 5.
Pursuant to the reasoning of the Stewart court and the majority of our sister jurisdictions, we find that, post-consent *1229 decree, Section five of the FAA cannot preserve NAF-incorporated arbitration agreements unless the parties made the NAF’s availability nón-essential by' specifically varying the terms of its procedure. Regardless of whether Section five may apply where there is a lapse in the administrator, by its own rules, the NAF must administer its code unless the parties agree to the contrary.
Wert, supra (some emphasis added).
In the case sub judice, the arbitration agreement defines the arbitration panel as three arbitrators, whether-from the NAF or otherwise. Majority Opinion at 1214-15. In my view, there is no meaningful difference between the provision in Wert that states “shall be resolved exclusively by binding arbitration to be conducted ... in accordance with the [NAF] Code of Procedure, which is hereby incorporated into this Agreement!,]” and the provision here that states “[t]he Panel shall apply NAF’s Code of Procedure!.]” Wert, supra at 1262; Majority Opinion at 1215. Consistent with our Supreme Court’s view, it is academic that another arbitrator could be chosen and “[conceivably, [] apply the designated rules and procedure.” Majority Opinion at 1225. Under Wert, the reliance on the NAF Code (the choice of law), as opposed to the NAF’s unavailability itself (the choice of forum), is sufficient legal basis alone to render the agreement unenforceable.[3]
Turning to this case, the Majority concludes that Wert does not apply on several grounds. First, the Court concludes that because Wert is a plurality - opinion, it is not-binding. Majority Opinion at 1222-23. However, “[i]n cases where a concurring opinion enumerates the portions of the plurality’s opinion in which the author joins or []agrees, those portions of agreement gain precedential value.” Commonwealth v. Brown, 23 A.3d 544, 556 (Pa.Super.2011). “[H]owever, [if] the concurrence does not explicitly state its agreement or disagreement with the plurality, we must look, to the substance of the concurrence to determine the extent to which it provides precedential value to points of agreement.” Id.
The Majority is correct that Wert is a plurality opinion, authored by Justice Stevens and joined in full by Justice Todd. The Chief Justice filed-a concurring opinion, noting that he agreed with some of the plurality’s reasoning, but relied more on Judge Hamilton’s dissent in Green v. U.S. Cash Advance Ill., LLC, 724 F.3d 787 (7th Cir.2013). In Green, Judge - Hamilton opined, as our Supreme Court did in Wert, that the arbitration agreement at issue in Green was unenforceable in part because “[t]he terms of the parties’ contract require application of the [NAF] Code ... [and t]he [NAF] Code requires that it be administered only by the [NAF].” Id. at 795 (Hamilton, J., dissenting).[4] The Chief Justice explicitly stated that he agreed with Judge Hamilton’s analysis regarding Rule 1(A) of the NAF Code, which specifies that only the NAF can administer it. *1230 Wert, supra at 1262 (Saylor, C.J., concurring). Therefore, three, justices out of five in Wert agreed that the NAF Code issue rendered the arbitration agreement unenforceable. Thus, the portion of Wert pertaining to the requirement in Rule 1(A) that NAF administer its own Code, which is central to the conclusion in Wert that the arbitration agreement therein, was unenforceable, is precedential and binding on this Court. See Brown, supra.
The Majority next concludes that the arbitration agreement in Wert is different than the one in the instant case.* The Majority asserts that Wert does not apply because “the plain language of the Agreement does not evince an intent to arbitrate only before the NAF.” Majority Opinion at 1223 (emphasis in original). The Majority then cites to the portion of the agreement that states that the parties can .select another administrator or none at all if the NAF is unavailable to serve. Id. In the Majority’s view, Wert does not control this case because “the language in the instant Agreement is ... permissive, not mandatory, and provides for an alternative to NAF if it is unable or unwilling to serve, or if the parties choose otherwise.” Id.
Respectfully, the Majority misconstrues and misapplies Wert, where our Supreme Court rejected this reasoning. The appellants in Wert argued, as Manor Care does here, that the parties were free to agree upon another arbitrator. According, to our Supreme Court, the fact that another administrator or arbitrator could be chosen, is legally irrelevant. There is no legal difference whether another arbiter would be chosen because it is expressly stated in the arbitration agreement, as in this case, or pursuant to Section 5 of the FAA. Compare Majority Opinion at 1223-24 (quoting the arbitration agreement as stating, “[i]f the Parties mutually agree in writing not to select NAF or if the NAF is unwilling .or unable to serve as the Administrator, the Parties shall agree upon another independent entity to serve as the Administrator, .unless the Parties mutually agree to not have an Administrator[ ]”), with 9 U.S.C. § 5 (stating, “if for any other reason there shall be a lapse in the naming of an arbitrator ... or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator ... who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein []”). As the Majority acknowledges, Wert states that “[sjection five of the FAA cannot preserve NAF-incorporated arbitration agreements unless the parties made the NAF’s availability non-essential by specifically varying the terms .of its procedure.” Wert, supra at 1263 (emphasis added). Therefore, in this regard, the Majority’s insistence that Wert cannot apply because the parties did not agree to exclusively arbitrate through NAF as an entity is misguided. The fatal provision in Wert was not, as the Majority concludes, “an exclusive forum-selection clause[.]” Majority Opinion at 1225 (emphasis omitted). The issue in Wert was an exclusive choice of law clause. Regardless of the chosen forum, the arbitration agreement’s choice-of law provision requires, as did the one in Wert, that said forum apply the NAF Code. See generally Majority Opinion at 1214-16.
The Majority goes on to state that Wert does not apply because the provisions referring to the NAF Code can be severed under the severance clause of the instant agreement. Majority Opinion at 1225-26. However, our Supreme Court has. already concluded in Wert' that the provision regarding the NAF Code is “integral and non-severable.” Wert, supra at 1263 (em *1231 phasis added). We are not at liberty to disregard the judgment of our Supreme Court in this respect. Based on these considerations, I conclude that Manor Care is not entitled to relief on this issue, either by waiver, or on its merits.
Based on the foregoing, and in light of our Supreme Court’s decision in Wert, I conclude the trial court did not err.[5] Accordingly, I would affirm the trial court’s November 20, 2012 order. I respectfully dissent:
Judge LAZARUS and Judge WECHT join this dissenting opinion.

. I disagree with the Majority's pronouncement that any argument as to the NAF Code of Procedure is waived for failing to include the Code in the certified record. See Majority Opinion at 1224-25. There is no actual dispute in this case about the relevant rules in the NAF code. Manor Care acknowledges the Code and quotes from it in its reply brief. See Manor Care's Reply Brief at 15 (stating, "Code Rule 1A states that ‘[tjhis Code shall be administered only by the [NAF] or by any entity or individual providing administrative services by agreement with the National Arbitration Forum’ ”).
Furthermore, both this Court’s opinion in Stewart v. GGNSC-Canonsburg, L.P., 9 A.3d 215 (Pa.Super.2010) and our Supreme Court's opinion in Wert quote the relevant rules from the NAF Code. Wert, supra at 1262 (quoting Rule 1(A) in full); Stewart, supra at 216-217. Because this Court, and our Supreme Court have already published and interpreted Rule 1(A), there is nothing additional for this Court to review on this issue. As I explain infra, under Wert, the adoption of the NAF Code of Procedure alone renders the agreement unenforceable. As a result, I do not agree that MacPherson has waived this argument.

. If the Majority were correct that the choice of forum clause was controlling in Wert, presumably, our Supreme Court would have simply applied Section 5 of the FAA, which it acknowledged controlled the agreement. Then another forum would have been chosen pursuant to Section 5, and our Supreme Court would have reversed this Court’s judgment and referred the case to arbitration.

. The Chief Justice's concurrence specifically cited to pages 795-796 of Judge Hamilton’s dissent in Green. Wert, supra at 1262 (Saylor, C.J., concurring), citing Green, supra at 795-796 (Hamilton, J., dissenting).

. Because Manor Care is not entitled to relief on the Stewart issue, the trial court was correct to overrule Manor Care’s preliminary objections on this basis alone. Therefore, Manor Care’s other issues are moot for the purposes of this appeal. However, I do note that MacPherson argues that the arbitration agreement should not be enforced because it would be "impermissible under Pennsylvania law” to have him pursue "one joint tortfeasor in court and the others in a separate arbitration proceeding).]” MacPherson’s Brief at 45. Earlier this year in Taylor v. Extendicare Health Facilities, Inc., 113 A.3d 317 (Pa.Super.2015), appeal granted, — Pa. --, 122 A.3d 1036 (2015), this Court announced a rule that it was legally impermissible for a trial court to require that survival and wrongful death claims be litigated in two forums where there were other defendants in the case that did not agree to arbitrate.
Here, the Majority concludes that MacPher-son has not alleged that the hospital .defendants and Manor Care were joint tortfeasors, precluding the application of Taylor to this case. Majority Opinion at 1224 n. 12. Joint tortfeasors are defined as "parties who either act together in committing a wrong or whose acts, if independent of .each other, unite, to form a single injury.” L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard, Inc., 777 A.2d 1090, 1095 (Pa.Super.2001) (citation omitted; emphasis added). Instantly, Mac-Pherson’s complaint alleged that the hospital defendants caused the decedent "mental and physical pain, suffering and inconvenience, loss of life's pleasures and aggravation of preexisting medical conditions, and expense of otherwise unnecessary hospitalizations up to and including the time of his death[.]’’ MacPherson's Amended Complaint, 3/19/12, at ¶ 212 (emphasis added). MacPherson alleged that Manor Care , caused "(a) severe permanent injuries resulting in severe pain, ' suffering, arid disfigureirient (b) mental ‘anguish, embarrassment, humiliation, degradation,- emotional distress, and loss of persona) dignity (c) loss of capacity for enjoyment of life, (d) expense of otherwise unnecessary hospitalizations, medical expenses and residency at the ManorCare Facility (e) aggravation of his pre-existing medical conditions, and (f) death.” Id. at ¶ 235 (emphases added). Therefore, MacPherson’s amended complaint on its face alleges that the hospital defendants and Manor Care's acts, "independent of each other, unite[d] to form” more than one of the alleged injuries listed in the same. L.B. Foster Co., supra. Therefore, in my view, for some claims of injury, the hospital defendants and Manor Care are alleged to be joint tortfeasors, and I would apply Taylor to this case in the alternative.